**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANTHONY PASSERO, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

INTERNATIONAL FINANCIAL SOLUTIONS, LLC DBA CONSOLIFI USA,[1]

Defendant.

Case No. 8:2026-cv-02146

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**

**JURY TRIAL DEMANDED**

[1] Plaintiff hereby moves to dismiss former Defendant, CREDIT9 LLC D/B/A CONSOLIFI USA without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

## CLASS ACTION COMPLAINT

1. Plaintiff, Anthony Passero ("Plaintiff"), brings this action against Defendant, International Financial Solutions, LLC dba Consolifi USA ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant is a financial services company engaged in the business of marketing and providing debt consolidation loan products to consumers across the United States.

4. To promote its goods and services, Defendant engages in aggressive telemarketing communications to consumers with no regard for consumers' rights under the TCPA, even after customers opt out from Defendant's text messages.

5. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights, even after consumers opt out from Defendant's messages.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. §

1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each text in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's principal place of business is in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Central District of California and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the Central District of California.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 2280 (the "2280 Number") that received Defendant's text messages.

11. Defendant is a California limited liability company whose principal address is in Irvine, California.

12. Defendant directs, markets, and provides its business activities throughout the United States and the State of California.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

14. Beginning at least in February 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 2280 Number, from Defendant's short code number 40158.

15. Defendant sent telemarketing text messages to Plaintiff on February 2, 2026 (twice), February 3, 2026, and February 4, 2026, as shown below:


4:20
471
40158
Text Message • SMS
Mon, Feb 2 at 1:13 PM
Hi Anthony, this is Alexis from CNFI USA. I see that you recently requested a loan for $60,000. I was able to get your pre-approved. Do you have a few mins to discuss next steps? You can also reach us on (844) 699-3623.
Text End to opt out
Mon, Feb 2 at 3:13 PM
Hi Anthony, CNFI USA here. Just checking in to see if you received my previous message. Is now a better time to give you a call?
Tue, Feb 3 at 12:13 PM
Hi Anthony, Can I call you now to go over your $60,000 personal loan? Or call us at (844) 699-3623. If you no longer need it, just let me know. I appreciate it
Wed, Feb 4 at 4:11 PM
Hi Anthony, Don't want to bother you. Do you have time now for a quick call? Or call us at (844) 699-3623. If the $60,000 is no longer needed, let me know. I appreciate it.
Text Message • SMS

16. On or about February 2026, Plaintiff revoked his consent to be contacted, in an attempt to opt-out of any further text message communications with Defendant, by sending the following message: "Your guys are crazy. I did not request a loan from you. Can you please chill with the blast text messages?", as shown below:



17. In response to Plaintiff's opt-out request, Defendant sent a confirmation message stating: "Okay no problem, we will update our records. Have a great day." (as shown above).

18. Despite this confirmation and promise to cease all communications, Defendant willfully disregarded both Plaintiff's opt-out request and its own confirmation, sending additional text messages to Plaintiff on or about May 20, 2026, and May 21, 2026, as shown below:


works best? You can also talk to us
4:20
471
40158
Okay no problem, we will update our records. Have a great day!
Yesterday 9:45 AM
Hi Anthony, Lexi here from CSFI USA. I am following up on your personal loan request for $60,000. Txt END to opt out. Otherwise, do you have a few minutes now to talk? If you no longer need the $60,000 just let me know. You can also call us at (844) 699-3623
Yesterday 11:46 AM
Hi Anthony, CSFI USA here. Just checking in to see if you received my previous message. Is now a better time to give you a call?
Today 1:56 PM
Hi Anthony, Can I call you now to go over your $60,000 personal loan? Or call us at (844) 699-3623. If you no longer need it, just let me know. I appreciate it
If you did not expect this message from an unknown sender, it may be spam.
Stop or Report Spam
Text Message • SMS

19. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

20. As demonstrated by the above, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text messages solicitations by telling Defendant not to contact him anymore, and Defendant confirmed it would comply, but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

21. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

22. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

23. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's opt-out revocation.

24. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

25. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request, Defendant confirmed the opt-out, and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages approximately three months later.

26. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

27. Indeed, Plaintiff's and the class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

28. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

29. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's loan services.

30. The information contained in the text messages advertises Defendant's various loan products and financial services, which Defendant sends to promote its business.

31. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

32. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

33. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violations of the TCPA occurred from within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

34. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

35. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

36. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

37. Plaintiff has no existing business relationship with Defendant.

38. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on or about February 2026, when Plaintiff sent his opt-out message requesting Defendant to stop the text messages.

39. Plaintiff is the subscriber and sole user of the 2280 Number and is financially responsible for it.

40. Plaintiff's 2280 Number is his residential number which he uses for personal purposes.

41. Plaintiff registered his 2280 Number with the national do-not-call registry on June 9, 2007, and has been registered at all times relevant to this action.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. The text messages originated from at least short code number 40158, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

44. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members inbound opt-out requests.

45. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

46. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

47. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

48. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

49. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **<u>National Internal Do Not Call Class</u>: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received at least two text messages within any 12-month period; (2) from Defendant or on Defendant's behalf; (3) for the purpose of promoting Defendant's products and services; (4) to the person's personal telephone number; (5) while Defendant did not institute procedures that met the minimum standards required by 47 C.F.R. § 64.1200(d)(1)-(6).**

50. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

51. Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

**<u>NUMEROSITY</u>**

52. Upon information and belief, Defendant has sent text messages to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of each Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

53. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

54. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Classes are:

a) Whether Defendant initiated marketing text messages to Plaintiff and the Class members;

b) Whether Defendant violated 47 C.F.R. § 64.1200(c);

c) Whether Defendant violated 47 C.F.R. § 64.1200(d);

d) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

e) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

f) Whether Defendant has any written policies for maintaining an internal do not call list;

g) Whether Defendant's conduct was knowing and willful; and

h) Whether Defendant is liable for damages, and the amount of such damages.

55. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telemarketing messages to consumers after they had requested to be opted out, while they were registered on the DNC Registry and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

56. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

57. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

58. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

59. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

60. Plaintiff repeats and realleges paragraphs 1 through 59 of this Complaint and incorporates them by reference herein.

61. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

63. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

64. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

65. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, text messages solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

66. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

67. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of 47 U.S.C. § 227(c)(2)**
**(On Behalf of Plaintiff and the National Internal Do Not Call Class)**

68. Plaintiff re-alleges and incorporates paragraphs 1 through 59 as if fully set forth herein.

69. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

70. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded- voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or

> any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a caller's do-not-call request for a period of at least five years.

47 C.F.R. § 64.1200(d)(3), (6).

71. Under 47 C.F.R. § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.*"

47 C.F.R. § 64.1200(e).

72. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

73. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

74. Defendant continued to send telemarketing messages to Plaintiff more than ten (10) business days after Plaintiff's opt-out request.

75. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing text messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

76. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant

in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

77. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

78. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

79. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

80. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telemarketing text message campaigns made without express written consent, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the text messages as alleged herein.

Dated: August 27, 2026

Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*